# Richmond

## HELEN DIXON V. HELEN EINSTEIN.

October 7, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*John B. Spiers,* for the plaintiff in error.

*Gilmer, Wysor & Gilmer,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Helen Dixon filed a notice of motion for judgment in the court below against Helen Einstein to recover damages for personal injuries and damages to her automobile resulting from a collision with a car owned and operated by Miss Einstein. There was a verdict and judgment for the defendant. The plaintiff has obtained this writ of error. The parties will be referred to as they appeared in the court below.

On the night of December 27, 1935, the defendant was driving a new Chevrolet sedan along the Lee Highway from Roanoke to Radford. She was accompanied by her mother and her two sisters. The night was clear and cold. The paved portion of the highway had been cleared of some eight or ten inches of snow which had fallen several days before.

When within a few miles of Radford the defendant saw what she thought was smoke coming from under the dashboard of her car. Thinking the car was on fire, she pulled it as far as possible to the right-hand side of the road. The wheels were entirely off the hard-surfaced portion of the road, and the right side of the car was against the snow banked along the highway. Both the lights and ignition were cut off and the occupants quickly alighted from the car, which appeared to be enveloped in smoke or steam.

Miss Ida Einstein, one of the occupants of the car, went down the highway, about fifty feet from the rear of the car, and stood near the edge of the paved surface of the road for the purpose of signaling and seeking assistance from an approaching car. In a few seconds the plaintiff's automobile approached and Miss Einstein waved her handkerchief in an effort to attract the driver's attention. The plaintiff failed to observe her, passed at a fast speed and crashed into the rear of the defendant's car, knocking it forward a distance of from twenty-five to thirty feet.

The entire usable portion of the highway to the left of the defendant's car was open and unobstructed, and there were no approaching vehicles or lights which in any way complicated the situation.

It developed that the defendant's car was not on fire, and what the defendant and the other occupants thought was smoke turned out to be steam from the frozen radiator.

The plaintiff's story is that she was driving towards the city of Radford, at a speed of from thirty-five to forty miles per hour, when she saw what she thought was a bank of fog across a low place in the highway. She slowed down and, although she could not see through the fog, con-

tinued ahead until suddenly the right front fender of her car struck the left rear portion of the defendant's car. She did not see the signals of Miss Einstein, the disabled car, or any of the parties who were standing alongside the road.

We think the trial court was right in refusing to grant plaintiff's motion to set aside the verdict of the jury.

■ In the first place, the jury was fully warranted in finding that the defendant was not guilty of any negligence which was the proximate cause of the accident. The evidence on behalf of the defendant is that when she ascertained that her car was in trouble she pulled it entirely off the hard-surfaced portion of the road and as far to the right as it was possible to go; that the right side of the car was so close to the snow banked along the highway that the door on that side of the car could not be opened. This left unobstructed the entire paved portion of the road with ample room for the plaintiff's car to have passed to the left. One of the occupants of the defendant's car proceeded immediately down the highway and attempted to signal the approaching car of the plaintiff. Only a few moments intervened between the time the defendant's car stopped and the collision.

■ While it may not have been necessary to have turned out the lights, we can not say that it was negligence to have done so under the circumstances. The defendant thought the car was on fire, possibly from some defects in the wiring, and feared that it would "explode," as she said. Whether she acted prudently in the emergency was a question for the jury.

■ In the second place, we think the jury was justified in finding that the plaintiff was guilty of negligence which was the proximate cause of the accident. Her own testimony is that while she slowed down when she saw what she thought was a bank of fog across the highway, yet she proceeded along although she could not see through the cloud. Her father, who occupied a rear seat in the car, testified that it had just begun to slow up when the collision occurred.

Miss Ida Einstein, who undertook to signal the plaintiff's car when she saw it approaching, testified that it passed her at a fast rate of speed and crashed into the rear of the defendant's car, which was only fifty feet away. Witnesses for the defendant stated that the force of the blow knocked the disabled car forward a distance of from twenty-five to thirty feet.

From this direct testimony, as well as from the physical facts, the jury had the right to infer that the plaintiff was not driving at a reasonable speed under the circumstances, or that she should have further slowed down her car, or that she should have stopped instead of driving blindly into a cloud of smoke which, according to her own testimony, obscured her view of the road ahead.

Moreover, the plaintiff failed to observe the danger signal of Miss Einstein. She likewise failed to drive to the left of the defendant's car, although the testimony is undisputed that the entire paved portion of the highway was open and unobstructed and there were no approaching vehicles or lights which in any way complicated the situation. From these facts the jury had the right to infer that she was not keeping a reasonable lookout.

On the whole we think the jury was fully and fairly instructed on the issues in the case and found the only verdict which could properly have been reached.

The judgment is

*Affirmed.*